**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL BERRY, III,<br><br>Plaintiff,<br><br>v.<br><br>DENNY HOSKINS, *in his official capacity as Missouri Secretary of State*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-01419-JAR |

## ORDER

This matter is before the Court on self-represented Plaintiff Paul Berry's complaint requesting emergency declaratory and injunctive relief against the Missouri Secretary of State, Defendant Denny Hoskins, challenging the constitutionality of the congressional district map governing the upcoming November 2026 general election. For the reasons set forth below, the Court will hold Berry's requests in abeyance pending a ruling from the United States Supreme Court in a related case.

## BACKGROUND

In September 2025, the Missouri General Assembly enacted a mid-decade congressional redistricting law, House Bill 1, to replace in 2026 Missouri's congressional districts established in 2022. Soon thereafter, organizers submitted a referendum petition challenging the new 2026 map. Lawsuits ensued, but ultimately Defendant Hoskins conducted the primary election on August 4, 2026, using the new 2026 map, and voters in the reapportioned first congressional district elected Plaintiff Berry as the Republican candidate for Congress. That same day, Hoskins declared the HB 1 referendum petition insufficient, prompting another lawsuit. On September 3, 2026, the Supreme Court of Missouri held that Hoskins' insufficiency finding was wrong and

that the 2022 map remains in full force and effect for the upcoming November general election. *von Glahn v. Hoskins*, No. SC101805 (Mo. Sept. 3, 2026). The court explicitly enjoined Hoskins from using the 2026 map. *Id*. at 13-14. The next day, September 4 (the Friday before Labor Day weekend), Missouri appealed the *von Glahn* decision to the United States Supreme Court requesting a stay of the state court's injunction, *Hoskins v. von Glahn*, No. 26A304, and two new lawsuits were filed in this federal district court.

First, Berry filed the instant complaint seeking emergency declaratory and injunctive relief against Hoskins, asking the Court to (1) convene a three-judge panel pursuant to 28 U.S.C. § 2284(a), (2) declare Missouri's 2022 congressional district map unconstitutional, and (3) direct the Missouri General Assembly to draft and enact a new map for the November election. Chief Judge Clark determined that this case was substantially related to a similar case filed by Berry in 2022 and therefore assigned it to the undersigned. (Doc. 4). *See Berry III v. Ashcroft, et al.*, No. 4:22-cv-465-JAR, 2022 WL 2643504 (E.D. Mo. July 8, 2022).[1] Upon review, this Court noted that Hoskins' deadline to finalize ballots is today, Tuesday, September 8, four days after the

[1] More specifically, Counts IV-VI challenge the constitutionality of the 2022 congressional district map on theories similar to Berry's claims in 2022. However, Counts I-III raise entirely unrelated challenges to the Missouri Nonpartisan Court Plan, passed in 1940 and adopted by a majority of American states, establishing the nonpartisan merit selection of appellate court judges and trial judges in certain circuits, followed by voter retention elections. Mo. Const. art. V, § 25. The Court questions whether the latter claims are properly joined in this case when Berry's prayer for relief is limited to Counts IV-VI. In fact, Berry explicitly pleads that the November 2026 judicial retention elections should not be disturbed regardless of the redistricting outcome.

The Court reserves this question for another day but notes that courts have broad discretion to determine an appropriate remedy. "In determining whether joinder is appropriate, the Court has wide discretion to order separate trials, sever participants or claims, or order other relief to permit the just, speedy, and inexpensive determination of the action." *Bowman v. Chambers*, 2022 WL 218881, at *2 (E.D. Mo. Jan. 25, 2022) (severing unrelated claims, citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)).

filing of Berry's complaint. Mo. Rev. Stat. § 115.127.[2] However, under 28 U.S.C. 2284(b)(2), Berry is required to provide Missouri's Governor and Attorney General at least five days' notice of a hearing on his request for a three-judge panel. In light of these mandates, the Court immediately issued an order directing Berry to show cause, by noon on September 7 (Labor Day), why his requests shouldn't be denied due to procedural impossibility under § 2284(b)(2). (Doc. 5).

The second lawsuit filed on September 4, assigned to Judge Clark, was filed by two other Republican congressional candidates and two voters asking the Court to invalidate the Missouri Supreme Court's decision in *von Glahn* and prevent Hoskins from using any map other than the 2026 map "until amended by the Missouri General Assembly." *Onder v. Missouri, et al.*, No. 4:26-cv-1424-SRC.

**DISCUSSION**

In his response to this Court's show cause order, Berry challenges the Court's authority and jurisdiction to enter "summary judgment on the merits of the complaint" without adjudication by a three-judge panel as contemplated by § 2284. But nothing in the Court's show cause order indicated a dispositive ruling on the merits. The Court's order merely signaled the procedural infeasibility of the sweeping emergency relief Berry seeks in the short term. The record does not reflect service on Missouri's Governor or Attorney General as required by § 2284(b)(2). Hoskins was served on September 4 but has yet to respond. His answer is due September 25. Once Missouri's officials have been served and have had an opportunity to respond, the Court will determine whether a three-judge panel should be appointed. Even if a

---

[2] Hoskins' deadline to mail absentee ballots to overseas military voters is September 19. 52 U.S.C. § 20302(g).

panel is convened, this Court is authorized to conduct all proceedings except the trial and to enter any orders permitted by the federal rules, subject to review by the panel. § 2284(b)(3).

Ultimately, this Court cannot determine a proper path forward until the United States Supreme Court has ruled on Missouri's application for a stay of *von Glahn*. The Court therefore finds it necessary and appropriate to hold Plaintiff's requests for emergency relief in abeyance pending such a ruling. The Court will determine next steps as appropriate after that ruling.

Dated this 8th day of September 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE