RECEIVED

SEP 1 0 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN MISSOURI**

PAUL BERRY III,

Division: Eastern Division

Plaintiff,

v.

Case Number: 4:26-CV-01419 JAR

DENNY HOSKINS,
in his official capacity as
Missouri Secretary of State, et al.,

**Three-Judge Panel Requested**
**28 U.S.C. § 2284(a)**

Defendants.

**Motion to Set Aside Abeyance Order**

HERE COMES, Plaintiff Paul Berry III, with his Motion to Set Aside the Court's Order placing the underlying cause and Complaint under abeyance ("Complaint Abeyance Order") issued on September 8, 2026, states and requests as follows:

**Statement of Uncontraverted Facts**

1. On September 4, 2026, Plaintiff Berry filed before the Court the underlying Complaint.
2. After the office hours of the Court and on September 4, 2026, the Court issued its Order to Show Cause to Plaintiff, which specifically barred Plaintiff Berry from seeking the Court to issue any relief in the underlying matter requested by Plaintiff Berry and ordered Plaintiff Berry to respond to the Court's Order to Show Cause prior to the next available Federal appellate court

date on September 7, 2026. (Plaintiff Berry notes that the Labor Day setting was not out of malice of the Court towards Plaintiff Berry, every reply for similar issues in every Federal court set the same response deadline, and is stated to reflect the fact that Pro Se litigants by the Court's own procedures do not permit for appeal of district court orders outside of general hours of the Court, unless prearranged and otherwise permitted by the Court).

3. Plaintiff Berry fully responded to the "four corners" of all allegations and challenged all (the sole purported) facts alleged by the Court's Order to Show Cause by his Plaintiff Berry's Order to Show Cause Response filed before the Court on September 7, 2026.

4. On September 8, 2026, the Court issued the following Order (the "Complaint Abeyance Order") in the underlying Case:

> "This matter is before the Court on self-represented Plaintiff Paul Berry's complaint requesting emergency declaratory and injunctive relief against the Missouri Secretary of State, Defendant Denny Hoskins, challenging the constitutionality of the congressional district map governing the upcoming November 2026 general election. For the reasons set forth below, the Court will hold Berry's requests in abeyance pending a ruling from the United States Supreme Court in a related case."

5. Plaintiff Berry brings the attention of the Court to its sole and specific reasoning stated by its Complaint Abeyance Order to take no action in the underlying Complaint, specifically, "(f)or the reasons set forth below, the Court will hold Berry's requests in abeyance pending a ruling from the United States Supreme Court in a related case."

**6. Plaintiff Berry provides notice to the Court that on September 8, 2026, the United States Supreme Court has denied Missouri's application for a writ of certiorari for a stay of the Missouri Supreme Court's decision *von Glahn*.**

7. Plaintiff Berry pleads to the Court that the specific condition that the Court states by its own Order is now nonexistent and that any further abeyance of the underlying Complaint pursuant to the Court's sua sponte Complaint Abeyance Order is both judicially unwarranted and as fully acknowledged by each Order of the Court to date that time threatens the very relief the underlying Complaint seeks from the Court on an expedited basis.

8. While the Court never clarified why the Court found it necessary to hold the underlying Complaint in abeyance within its Order to Show Cause related to the bearing of a United States Supreme Court ruling in question, as such is being argued on 100% different legal grounds than the underlying Complaint, Plaintiff Berry was never provided an opportunity to respond to any such a matter covered by the Court's Complaint Abeyance Order.

As opposed to the Court's actual underlying Order in question, in the discussion portion of the Complaint Abeyance Order issued on September 8, 2026, the Court further stated:

> "Ultimately, this Court cannot determine a proper path forward until the United States Supreme Court has ruled on Missouri's application for a stay of *von Glahn*. The Court therefore finds it necessary and appropriate to hold Plaintiff's requests for emergency relief in abeyance pending such a ruling. The Court will determine next steps as appropriate after that ruling."

**9. Since the Court instituted the entire show cause order to issue its abeyance of the Complaint all on its own accord, Plaintiff Berry took one (1) court day to see if the Court was going to sua sponte recall its own Complaint Abeyance Order after the United States Supreme Court denied Missouri's writ of certiorari for a stay of the Missouri Supreme Court's decision *von Glahn*, which has not occurred to Plaintiff Berry's acknowledge at the**

**time of this instant filing.**

10. Because Plaintiff Berry has been prohibited or discouraged by the Court's orders in the underlying Complaint from having the Court consider any judicial relief whatsoever in the underlying Complaint from literally its inception and the Court's full acknowledgment that the underlying Complaint has requested relief that is guaranteed to soon expire, every minute and hour the Court's refusal to consider further relief in the underlying matter rises to the Court's violation of the Petitions Clause of the First Amendment of the United States Constitution against Plaintiff Berry and his underlying Complaint before this United States District Court.

11. With Plaintiff Berry fully and squarely responding to the Court's Complaint Abeyance Order, the Court should immediately remove its abeyance of the Complaint for the Court to remain in compliance with the Petitions Clause of the First Amendment of the United States Constitution and to avoid engaging in an abuse of judicial discretion.

**Prayer for Discharge**

WHEREFORE, Plaintiff Paul Berry III seeks the Court to immediately discharge its Order to Show Cause issued on September 4, 2026, immediately discharge its Order issued on September 8, 2026, placing the underlying cause and Complaint under court abeyance and immediately order the empanelment of a three-judge court to adjudicate the underlying Complaint in the manner statutorily required pursuant to 8 U.S.C. § 2284, without fail or further delay by the Court in order for Plaintiff Berry to file before such three-judge court review of the Court's issuance of its Order to Show Cause on September 4, 2026, its Order issued on

September 8, 2026, placing the underlying cause under court abeyance, its action to stay consideration of the Complaint's demand to empanel a three-court judge to review the single-judge Court's decisions in the underlying matter, and the Court's decision upon the instant Motion.

Respectfully Submitted,

Paul Berry III
Plaintiff, Pro Se
1200 S. Big Bend Blvd.
St. Louis, Missouri 63117
314-755-9252
PBIIIUSA@gmail.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing motion will be hand delivered or mailed to the Defendants in scheduled in conjunction with the delivery of the First Amended Complaint in the underlying matter and will be uploaded to the Pacer court document filing system by the United States District Court of Eastern Missouri assumed in the manner provided by its local Federal civil court docketing procedures.

Respectfully Submitted,

Paul Berry III
Plaintiff Pro Se